WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Horacio Rafael Lopez Davalos,

Petitioner,

v.

Christopher D McGregor, et al.,

Respondents.

No. CV-26-00316-PHX-MTL (JFM)

**ORDER**

**I.**

Petitioner, a Mexican citizen, has been present in the United States since December 2001. (Doc. 1 ¶ 31.)  He was placed in removal proceedings, which were administratively closed in January 2016.  (*Id.* ¶ 32.)  On October 28, 2025, Petitioner was detained by the Department of Homeland Security.  (*Id.* ¶ 8.)  Petitioner filed this habeas corpus action challenging his immigration detention and seeking a bond determination hearing under 8 U.S.C. § 1226(a). (Doc. 1.)  Respondents argue that Petitioner is subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). (Doc. 6 at 2.)

**II.**

For the reasons explained in *Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at \*1-2 (D. Ariz. Feb. 9, 2026), the Court finds that a person who entered the United States illegally and is clearly and beyond a doubt not entitled to admission, is subject to mandatory detention under § 1225(b)(2)(A). *See also Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

Based on this record, the Court finds that Petitioner is present without having been admitted and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1). The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies.  Plaintiff's statutory and regulatory claims must be denied.

As far as Petitioner alleges that his detention violates his due process rights, he is mistaken. The government began removal proceedings against Petitioner under procedures set forth in the INA.  An alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, 26 Civ. 00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

In this case, Petitioner received due process in two respects. First, he was afforded the procedural protection of the INA. Second, he was subject to the determination procedures established by Congress in the Illegal Immigration Reform and Immigration Responsibility Act where an immigration officer determined that he was not entitled to a bond hearing. These procedures represent the due process as provided by Congress in statute. Petitioner is entitled to nothing further under the Constitution.

The Court also rejects Petitioner's argument that relief should be granted here because he is a member of the *Bautista* class.  *See Calderon Lopez v. Lyons*, — F. Supp. 3d —, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025).  Further, on March 6, 2026, the Ninth Circuit Court of Appeals temporarily stayed the *Bautista* declaratory judgment, pending a ruling on the Government's emergency motion for a stay pending appeal.  *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026).  If Petitioner believes he is entitled to further relief under the judgment in *Bautista*, he must seek relief in the Central District of California.

Finally, the Court rejects Petitioner's claims his detention violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), as being arbitrary and capricious. Petitioner cannot assert an APA claim. Under 5 U.S.C. § 704 (emphasis added),

"[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." By bringing a habeas petition, Petitioner has an adequate remedy in court, so he cannot also bring an APA claim. *See Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (stating that "habeas corpus, not the APA," was the "proper vehicle" for claims involving alien transfers because § 704 provides that "claims under the APA are not available when there is another adequate remedy in a court" (quotation marks omitted)); *see also id.* at 672 (majority opinion) (per curiam) (describing the claims as "within the 'core' of the writ of habeas corpus and thus must be brought in habeas").

Even on the merits, however, Petitioner's claim fails. Because Petitioner was classified and treated as the INA requires, the government has not acted arbitrarily or capriciously. *See F.C.C. v. NextWave Personal Commc'ns Inc.*, 537 U.S. 293, 300 (2003) ("The Administrative Procedure Act requires federal courts to set aside federal agency action that is '*not* in accordance with law . . . .'" (emphasis added) (quoting 5 U.S.C. § 706(2)(A))).

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. This action is dismissed, all pending motions are denied as moot, and the Clerk of Court must enter judgment accordingly.

Dated this 11th day of March, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge

- 3 -